IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS BURKE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO. 19-3206 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                       March 4, 2020

       Nicholas Matthew Burke ("Plaintiff") seeks review of the Commissioner's decision denying his claim for supplemental security income ("SSI"), arguing that the Administrative Law Judge ("ALJ") who adjudicated his case was not properly appointed pursuant to the Appointments Clause of the United States Constitution. Doc. 16 at 3-5 (citing Lucia v. SEC, __ U.S. __, 138 S. Ct. 2044 (2018)). In addition, Plaintiff alleges that the ALJ erred by failing to find Plaintiff's stuttering and obsessive compulsive disorder ("OCD") to be severe impairments, and failing to consider the limitations imposed by these impairments in determining Plaintiff's residual functional capacity ("RFC"). Id. at 9-23. Defendant responded with an uncontested motion for remand, requesting remand to allow further evaluation of Plaintiff's claim by a different ALJ. Doc. 19.[1]

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 10.

After reviewing the Plaintiff's brief, Defendant's motion, the administrative record, and after consideration of a recent decision from the Third Circuit Court of Appeals, I will grant Defendant's unopposed motion for remand. The claim challenging the ALJ's authority finds its genesis in the Supreme Court's holding in Lucia v. Securities and Exchange Commission, in which the Supreme Court held that Securities and Exchange Commission ("SEC") ALJ's are "Officers of the United States" subject to the Appointments Clause, rather than mere SEC employees. __ U.S. __, 138 S. Ct. 2044, 2049 (June 21, 2018). Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers of the United States." U.S. CONST. art. II, § 2, cl. 2. Because none of those actors appointed the SEC ALJ in Lucia, the Court found that the appointment violated the Constitution and that the remedy was to have a different and properly appointed ALJ hold a new hearing. Lucia, 138 S. Ct. at 2055, see also Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020) (claimant does not forfeit Lucia challenge by not raising it at administrative level).[2] In the case currently before the court, Defendant has not contested Plaintiff's argument that the ALJ who adjudicated his case was not properly appointed.[3] Thus, based on Social Security Ruling

---

[2] On July 16, 2018, the Acting Commissioner of Social Security ratified the appointments of Social Security ALJs and Appeals Council administrative appeals judges and approved their appointments as her own in order to address any Appointments Clause questions involving social security claims. See SSR 19-1p, "Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) on Cases Pending at the Appeals Council, 2019 WL 1324866 (March 15, 2019).

[3] Prior to Cirko, Defendant took the position that claimants had forfeited the Appointments Clause challenge if it had not been presented to the Appeals Council

19-1p and the Third Circuit's decision in Cirko, the case must be remanded for consideration by a different ALJ.

Plaintiff also substantively challenged the ALJ's decision, arguing that the ALJ failed to address his stuttering and OCD and failed to incorporate any limitations related to these impairments in the RFC assessment. Medical and educational records document Plaintiff's communication deficits due to his stuttering, tr. at 456, 911, 1325, 1513, and functional deficiencies attributable to OCD. Id. at 911, 1330. The ALJ did not find either of these conditions to be severe and did not discuss or explain why they were not severe. Id. at 14. She also did not address them at all in her step-three discussion, id. at 15-16, and she did not mention them in her RFC discussion other than a single reference to stammering. Id. at 16-21. Because the ALJ never addressed these impairments, it is unclear what, if any, consideration she gave the impairments and their effects; whether she rejected them and on what basis; or whether she overlooked them in her consideration of the record.

For the reasons outlined above, I will grant the Defendant's unopposed motion and remand the case for a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing.

Appropriate Orders follow.

---

during the administrative proceedings. However, on January 23, 2020, the Third Circuit rejected Defendant's forfeiture argument, and instructed that the case be remanded to the Commissioner for consideration by a different, properly appointed ALJ. Cirko, 948 F.3d 148.